**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

MAR 16 2017

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CESAR MENDEZ ZOLANO, AKA Ubaldo Cabrera-Diaz, AKA Cesar Mendez-Zolano, <br><br> Petitioner, <br><br> v. <br><br> JEFFERSON B. SESSIONS III, Attorney General, <br><br> Respondent. | No.   15-73099 <br><br> Agency No. A095-140-268 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 8, 2017**

Before:     LEAVY, W. FLETCHER, and OWENS, Circuit Judges.

Cesar Mendez Zolano, a native and citizen of Mexico, petitions for review

of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

immigration judge's decision denying cancellation of removal and voluntary departure. We have jurisdiction under 8 U.S.C. § 1252. We review factual findings for substantial evidence, *Ramos v. I.N.S.*, 246 F.3d 1264, 1266 (9th Cir. 2001), and review de novo questions of law, *Kumar v. Holder*, 728 F.3d 993, 998 (9th Cir. 2013). We deny the petition for review.

Substantial evidence supports the agency's determination that Mendez Zolano is statutorily ineligible for cancellation of removal based on a lack of good moral character where he provided false testimony under oath and did not recant until he had been in proceedings for more than two years. *See* 8 U.S.C. §§ 1101(f)(6) (barring a finding of good moral character for any person who has given false testimony for the purpose of obtaining any immigration benefit); 1229b(b)(1)(B); *Valadez-Munoz v. Holder*, 623 F.3d 1304, 1310 (9th Cir. 2010) ("recantation must be voluntary and without delay" (citation and quotation marks omitted)).

The BIA did not err in rejecting Mendez Zolano's contention that his false testimony was caused by ineffective assistance of counsel, where Mendez Zolano failed to comply with *Matter of Lozada*, 19 I. & N. Dec. 637 (BIA 1988), and the alleged ineffective assistance of counsel was not plain on the face of the record.

The agency did not violate due process in pretermitting without a further hearing Mendez Zolano's applications for cancellation of removal and voluntary

departure based on failure to show good moral character, where Mendez Zolano was afforded the opportunity to brief his eligibility, and has not established that he was prejudiced by the denial of further hearings in his case. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (an alien must show error and prejudice to prevail on a due process claim).

**PETITION FOR REVIEW DENIED.**